# Federal Defenders
## OF NEW YORK, INC.

MEMO ENDORSED

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

December 7, 2023

By ECF

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Denied
SO ORDERED
/s/ Lewis A. Kaplan
LEWIS A. KAPLAN, USDJ
12/19/23

Re:   *United States v. Luis Paulino*, 23 Cr. 600 (LAK)

Dear Judge Kaplan:

    I write to respectfully request that the Court modify Mr. Paulino's bail conditions by reducing the level of location monitoring from "home detention" to "curfew," with hours to be set by Pretrial Services. The request is supported by Pretrial Services (Officer Leo Barrios, who is the location monitoring specialist in White Plains), but opposed by the government (Assistant U.S. Attorney Jeffrey Coyle).

    Luis Paulino was arrested on August 30, 2023 on narcotics charges, and released on bail conditions including a $100,000 personal recognizance bond co-signed by two financially responsible persons, and home detention enforced by electronic monitoring. Mr. Paulino has now been on pre-trial release for over three months, and has been wholly compliant with all the conditions of release. He has secured a full-time job at a recycling center, working five and sometimes six days a week.

    Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a defendant must be released under the *least restrictive* conditions that will reasonably assure his appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B). A court may modify the conditions of release at any time. *Id.* at §3142(c)(3).

    Here, Mr. Paulino has demonstrated by his exemplary behavior over a three-month period that home detention is more restrictive than necessary to reasonably assure his presence in court and the safety of the community. A condition of curfew, while less restrictive than home detention, still represents a significant curtailment of liberty, and a more restrictive condition is no longer required. As noted above, Mr. Paulino's supervising pretrial officer supports the modification request.